**SEALED**

**FILED**
November 01, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____MGR_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>(1) OSAZUWA EMMANUEL WILLIAMS,<br>(2) JUAN FRANCISCO MUNOZ,<br>        aka "JOKER"<br>(3) PAUL GOVEA<br>        aka "SALUTE"<br>(4) OSAMA MOHAMMED ELWAN,<br>(5) VERNDALE RAY SEALS,<br>(6) ROSA TEROMINA MILLER,<br>(7) MELISSA AMADOR<br>(8) DANIEL GUADALUPE FLORES,<br>(9) ASHLEY MARIE ARRIAGA<br>        aka "ASHLEY ZAVALA"<br>(10) ANIVAL RUIZ PORRAS,<br>        aka "TALL GUY"<br>(11) RYAN TY MELCHOR<br>(12) AMBER TANAE HUEY,<br>(13) AIDA GERARDINA GOMEZ ORTIZ,<br><br>    Defendants. | 5:23-CR-00306-JKP<br><br><u>Superseding Indictment</u><br><br>COUNT 1: 21 U.S.C. §§ 846, 841(a)(1), & (b)(1)(A)/(C)<br>Conspiracy to Possess with Intent to Distribute Fentanyl<br><br>COUNT 2: 21 U.S.C. §§ 846, 841(a)(1), & (b)(1)(A)/(C)<br>Conspiracy to Possess with Intent to Distribute Methamphetamine<br><br>COUNT 3: 18 U.S.C. § 1956(h)<br>Conspiracy to Commit Money Laundering<br><br>COUNT 4: 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) & 18 U.S.C. § 2<br>Possession with Intent to Distribute Methamphetamine<br><br>COUNTS 5-6: 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)/(C) & 18 U.S.C. § 2<br>Possession with Intent to Distribute Fentanyl<br><br>COUNT 7-8: 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)/(C) & 18 U.S.C. § 2<br>Possession with Intent to Distribute Methamphetamine<br><br>COUNT 9: 18 U.S.C. §§ 1028(a)(7) & (b)(3)(A) & 18 U.S.C. § 2<br>Identity Theft |

**THE GRAND JURY CHARGES:**

## INTRODUCTION

1. The Juan Munoz Drug Trafficking Organization (Munoz DTO) trafficked fentanyl, methamphetamine, and synthetic cannabinoids into Texas Department of Criminal Justice correctional facilities across Texas, using correctional officers and the mail to smuggle narcotics, cellphones, and other contraband into the correctional facilities.

2. The leader of the organization, Juan Francisco Munoz, is an inmate incarcerated at the TDCJ James V Allred Unit located in North Iowa Park, Texas. To direct and coordinate the organization's drug trafficking activity, Munoz and other inmates, such as Paul Govea and Verndale Ray Seals, used contraband cellphones that had been smuggled into the correctional facilities.

3. The Munoz DTO obtained its narcotics from multiple different sources of supply. One source of supply, Osama Elwan, supplied the DTO with bulk amounts of liquid fentanyl and fentanyl-soaked paper sheets. Another, a Mexico-based source of supply, supplied the DTO with kilogram-quantities of fentanyl and methamphetamine.

4. To smuggle narcotics into correctional facilities, the Munoz DTO employed correctional officers working at the facilities, such as Osazuwa Emmanuel Williams, Anival Ruiz Porras, and Ryan Ty Melchor. The correctional officers would meet with non-incarcerated members of the Munoz DTO, such as Rosa Teromina Miller and Daniel Guadalupe Flores, to receive narcotics, cellphones, and other contraband. The correctional officers would then smuggle the narcotics and contraband into the correctional facilities where they worked. These correctional officers were often paid thousands of dollars for their smuggling services.

5. During the dates in this Indictment, correctional officers employed by the Munoz DTO attempted to smuggle narcotics into TDCJ correctional facilities on the following occasions:

    a. On November 29, 2022, at Juan Francisco Munoz's direction, Daniel Guadalupe Flores delivered about 391 grams of methamphetamine to Correctional Officer #1 at a gas station in Karnes City, Texas. Correctional Officer #1 intended to smuggle the methamphetamine into the John B. Connally Unit in Karnes County, Texas.

    b. On February 13, 2023, in a deal arranged by Juan Francisco Munoz and Verndale Ray Seals, Rosa Teromina Miller delivered about 738 grams of fentanyl-soaked paper sheets, which she had received from Amber Tanae Huey, to Correctional Officer Anival Ruiz Porras. Porras intended to smuggle the fentanyl paper into the Allred Unit.

    c. On May 28, 2023, at Juan Munoz's direction, Rosa Teromina Miller delivered about 407.5 grams of methamphetamine, multiple cellphones, and $6,500 in United States currency to Correctional Officer Osazuwa Emmanuel Williams. Williams intended to smuggle the methamphetamine and cellphones into the Allred Unit.

6. The Munoz DTO also used the mail to smuggle narcotics and other contraband into prisons. Non-incarcerated members of the DTO, such as Rosa Teromina Miller, Melissa Amador, Ashley Marie Arriaga, Amber Tanae Huey, and Aida Gerardina Gomez Ortiz, would package drug-soaked sheets of paper and mail them to inmates who were members or customers of the Munoz DTO.

7. These non-incarcerated members of the DTO also prepared the drug-soaked sheets of paper, which would be soaked in fentanyl, synthetic cannabinoids, or a mixture of narcotics. To do so, these members used their residences as stash houses where they would soak sheets of paper with liquid narcotics and store bulk quantities of narcotics prior to distribution. During the dates of this Indictment, DEA agents seized the following narcotics from stash houses operated by the Munoz DTO:

a. On May 25, 2023, DEA agents seized 410.8 grams of paper sheets soaked with fentanyl and synthetic cannabinoids, 33 grams of paper sheets soaked with heroin and synthetic cannabinoids, 254.6 milliliters of liquid synthetic cannabinoids, fentanyl-sheet manufacturing materials, and envelopes addressed to TDCJ inmates from the residence of Osama Mohammed Elwan and Aida Gerardina Gomez Ortiz in Houston, Texas.

b. On June 8, 2023, DEA agents seized 111 grams of paper sheets soaked with fentanyl and synthetic cannabinoids, 91 grams of paper sheets soaked with heroin and synthetic cannabinoids, and fentanyl-sheet manufacturing materials from the residence of Amber Tanae Huey in Denison, Texas.

8. Inmate members of the Munoz DTO would sell the narcotics smuggled into their correctional facilities to other inmates. Members of the Munoz DTO could sell a single sheet of drug-soaked paper for up to $1,000 once smuggled into the correctional facility.

9. To receive payment for the narcotics that they distributed, inmate members of the Munoz DTO used peer-to-peer payment platforms, such as CashApp and Zelle. The inmates would then use these peer-to-peer payment platforms to transfer the narcotics proceeds to non-incarcerated members of the DTO who would deposit the funds into banks. During the dates in the Indictment, Rosa Teromina Miller transferred about $332,854.02 to her JPMorgan Chase bank account from peer-to-peer payment platforms.

## COUNT ONE
**[Conspiracy to Possess with Intent to Distribute Fentanyl]**
**[21 U.S.C. §§ 846, 841(a)(1), & (b)(1)(A)/(C)]**

That beginning on or about January 2022, the exact date unknown, and continuing until the date of this indictment, in the Western District of Texas, the Eastern District of Texas, the Northern

District of Texas, the Southern District of Texas, and elsewhere, Defendants,

(2) JUAN FRANCISCO MUNOZ aka "JOKER",
(3) PAUL GOVEA aka "SALUTE",
(4) OSAMA MOHAMMED ELWAN,
(5) VERNDALE RAY SEALS,
(6) ROSA TEROMINA MILLER,
(7) MELISSA AMADOR,
(9) ASHLEY MARIE ARRIAGA aka "ASHLEY ZAVALA",
(10) ANIVAL RUIZ PORRAS aka "TALL GUY",
(11) RYAN TY MELCHOR,
(12) AMBER TANAE HUEY, and
(13) AIDA GERARDINA GOMEZ ORTIZ,

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed with others, to commit the following offense against the United States: possession with intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), & (b)(1)(A)/(C).

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of the mixture or substance containing a controlled substance involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY |
| --- | --- |
| (2) Juan Francisco Munoz | 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; |
| (3) Paul Govea | 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; |
| (4) Osama Mohammed Elwan | 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; |

| (5) Verndale Ray Seals | 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; |
| --- | --- |
| (6) Rosa Teromina Miller | 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; |
| (7) Melissa Amador | 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; |
| (9) Ashley Marie Arriaga | A mixture or substance containing a detectable amount of fentanyl; |
| (10) Anival Ruiz Porras | A mixture or substance containing a detectable amount of fentanyl; |
| (11) Ryan Ty Melchor | A mixture or substance containing a detectable amount of fentanyl; |
| (12) Amber Tanae Huey | A mixture or substance containing a detectable amount of fentanyl; |
| (13) Aida Gerardina Gomez Ortiz | A mixture or substance containing a detectable amount of fentanyl; |

All in violation of Title 21, United States Code, Section 846.

### COUNT TWO
**[Conspiracy to Possess with Intent to Distribute Methamphetamine]**
**[21 U.S.C. §§ 846, 841(a)(1), & (b)(1)(A)/(C)]**

That beginning on or about January 2022, the exact date unknown, and continuing until the date of this indictment, in the Western District of Texas, the Northern District of Texas, and elsewhere, Defendants,

**(1) OSAZUWA EMMANUEL WILLIAMS,**
**(2) JUAN FRANCISCO MUNOZ aka "JOKER",**
**(3) PAUL GOVEA aka "SALUTE",**
**(6) ROSA TEROMINA MILLER,**
**(7) MELISSA AMADOR, and**

**(8) DANIEL GUADALUPE FLORES,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed with others, to commit the following offense against the United States: possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), & (b)(1)(A)/(C).

## QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY

The quantity of the mixture or substance containing a controlled substance involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY |
|---|---|
| (1) Osazuwa Emmanuel Williams | A mixture of substance containing a detectable amount of methamphetamine; |
| (2) Juan Francisco Munoz | 50 grams or more of methamphetamine; |
| (3) Paul Govea | 50 grams or more of methamphetamine; |
| (6) Rosa Teromina Miller | 50 grams or more of methamphetamine; |
| (7) Melissa Amador | 50 grams or more of methamphetamine; |
| (8) Daniel Guadalupe Flores | 50 grams or more of methamphetamine; |

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE
### [Conspiracy to Commit Money Laundering]
### [18 U.S.C. § 1956(h)]

That beginning on or about January 2022, the exact date unknown, and continuing until the date of this indictment, in the Western District of Texas, the Northern District of Texas, the Southern District of Texas, and elsewhere, Defendants,

(2) **JUAN FRANCISCO MUNOZ aka "JOKER"**,
(3) **PAUL GOVEA aka "SALUTE"**,
(4) **OSAMA MOHAMMED ELWAN**,
(6) **ROSA TEROMINA MILLER**,
(7) **MELISSA AMADOR, and**
(9) **ASHLEY MARIE ARRIAGA aka "ASHLEY ZAVALA"**,

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others, to commit the following offenses against the United States in violation of Title 18, United States Code, Section 1956, that is, to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving the proceeds of specified unlawful activity, that is, conspiracy to possess with intent to distribute fentanyl and methamphetamine, with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), all in violation of Title 18, United States Code, Section 1956(h).

## COUNT FOUR
### [Possession with Intent to Distribute Methamphetamine]
### [21 U.S.C. §§ 841(a)(1) & (b)(1)(A) & 18 U.S.C. § 2]

That on or about November 29, 2022, in the Western District of Texas, Defendants,

(2) **JUAN FRANCISCO MUNOZ AKA "JOKER"**,
(6) **ROSA TEROMINA MILLER, and**
(8) **DANIEL GUADALUPE FLORES**,

aided and abetted by each other, and others, did knowingly, intentionally, and unlawfully, possess with intent to distribute a controlled substance, which offense involved 50 grams or more of

methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FIVE
### [Possession with Intent to Distribute Fentanyl]
### [21 U.S.C. §§ 841(a)(1) & (b)(1)(A) & 18 U.S.C. § 2]

That on or about February 12, 2023 through February 13, 2023, in the Western and Northern Districts of Texas, Defendants,

**(2) JUAN FRANCISCO MUNOZ aka "JOKER",
(5) VERNDALE SEALS, and
(6) ROSA TEROMINA MILLER,**

aided and abetted by each other, and others, did knowingly, intentionally, and unlawfully, possess with intent to distribute a controlled substance, which offense involved 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT SIX
### [Possession with Intent to Distribute Fentanyl]
### [21 U.S.C. §§ 841(a)(1) & (b)(1)(C) & 18 U.S.C. § 2]

That on or about February 12, 2023 through February 13, 2023, in the Western and Northern Districts of Texas, Defendants,

**(10) ANIVAL RUIZ PORRAS aka "TALL GUY", and
(12) AMBER TANAE HUEY,**

aided and abetted by each other, and others, did knowingly, intentionally, and unlawfully, possess with intent to distribute a controlled substance, which offense involved a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl, a Schedule II Controlled Substance, in violation of Title 21, United States

Code, Sections 841(a)(1) & (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SEVEN
### [Possession with Intent to Distribute Methamphetamine]
### [21 U.S.C. §§ 841(a)(1) & (b)(1)(A) & 18 U.S.C. § 2]

That on or about May 27 to May 28, 2023, in the Western and Northern Districts of Texas, Defendants,

**(2) JUAN FRANCISCO MUNOZ aka "JOKER", and
(6) ROSA TEROMINA MILLER,**

aided and abetted by each other, and others, did knowingly, intentionally, and unlawfully, possess with intent to distribute a controlled substance, which offense involved 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(A), and Title 18, United States Code, Section 2

## COUNT EIGHT
### [Possession with Intent to Distribute Methamphetamine]
### [21 U.S.C. §§ 841(a)(1) & (b)(1)(C) & 18 U.S.C. § 2]

That on or about May 27 to May 28, 2023, in the Western and Northern Districts of Texas, Defendant,

**(1) OSAZUWA EMMANUEL WILLIAMS,**

aided and abetted by others, did knowingly, intentionally, and unlawfully, possess with intent to distribute a controlled substance, which offense involved a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(C), and Title 18, United States Code, Section 2

## COUNT NINE
### [Identity Theft]
### [18 U.S.C. §§ 1028(a)(7) & (b)(3)(A) & 18 U.S.C. § 2]

That on or about February 28, 2023 to March 6, 2023, in the Western District of Texas and

the Northern District of Texas, Defendants,

**(2) JUAN FRANCISCO MUNOZ AKA "JOKER",
(3) PAUL GOVEA aka "SALUTE", and
(9) ASHLEY MARIE ARRIAGA aka "ASHLEY ZAVALA",**

aided and abetted by each other, and others, did knowingly transfer, possess, and use, in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, that is, their name, date of birth, and social security number, knowing that the means of identification belonged to another actual person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 & 841(a)(1), and the offense was committed to facilitate a drug trafficking crime as defined under 18 U.S.C. § 929(a)(2), in violation of Title 18, United States Code, Sections 1028(a)(7), (b)(3)(A), & 2.

## NOTICE OF PENALTY ENHANCEMENTS
[21 U.S.C. § 851]

Before the Defendant, **(2) JUAN FRANCISCO MUNOZ**, committed the offenses charged in this Indictment, **(2) JUAN FRANCISCO MUNOZ** had a final conviction for a serious violent felony, as defined in 21 U.S.C. § 802(58), namely, Murder, under Texas Penal Code, Section 19.02(b)(1), for which he served more than 12 months of imprisonment.

Before the Defendant, **(5) VERNDALE RAY SEALS**, committed the offenses charged in this Indictment, **(5) VERNDALE RAY SEALS** had a final conviction for a serious violent felony, as defined in 21 U.S.C. § 802(58), namely, Aggravated Robbery, under Texas Penal Code, Section 29.03, for which he served more than 12 months of imprisonment.

Before the Defendant, **(8) DANIEL GUADALUPE FLORES**, committed the offenses charged in this Indictment, **(8) DANIEL GUADALUPE FLORES** had a final conviction for a

serious violent felony, as defined in 21 U.S.C. § 802(58), namely, Aggravated Robbery, under Texas Penal Code, Section 29.03, for which he served more than 12 months of imprisonment.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Drug Violations and Forfeiture Statutes
[Title 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)/(C), subject to forfeiture pursuant to Title 21 U.S.C. § 853(a)(1) and (2)]

As a result of the foregoing criminal violations set forth above, the United States gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(a)(1) and (2), which states:

> **Title 21 U.S.C. § 853. Criminal forfeitures**
> **(a) Property subject to criminal forfeitures.**
> Any person convicted of a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law.--
>> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; . . .

### II.
### Money Laundering Violation and Forfeiture Statutes
[Title 18 U.S.C. §§ 1956(h), subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1)]

As a result of the foregoing criminal violation set forth above, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 982(a)(1), which states:

> **Title 18 U.S.C. § 982. Criminal forfeiture**
> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in violation of section 1956 . . . shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

### III.
### Identity Theft Violations and Forfeiture Statutes
### [Title 18 U.S.C. § 1028(a)(7), (b)(3)(A), subject to forfeiture pursuant to Title 18 U.S.C. §§ 1028(b)(5) and 982(a)(2)(B)]

As a result of the foregoing criminal violations set forth above, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. §§ 1028(b)(5) and 982(a)(2)(B), which state:

**Title 18 U.S.C. § 1028 Fraud and related activity in connection with identification document, authentication features and information**
\* \* \*
**(b)** The punishment for an offense under subsection (a) of this section is—
\* \* \*
**(5)** in the case of any offense under subsection (a), forfeiture to the United State of any personal property used or intended to be used to commit the offense; and . . .

**Title 18 U.S.C. § 982. Criminal forfeiture**
\* \* \*
**(a)(2)** The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—
\* \* \*
**(B)** section . . . 1028 . . . of this title,
shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

This Notice of Demand for Forfeiture includes, but is not limited to, the following:

**(1) OSAZUWA EMMANUEL WILLIAMS:**
1. $6,500.00, more or less, in United States Currency;
2. Any and all property, real or personal involved in or used in the commission of the criminal offenses.

**(2) JUAN FRANCISCO MUNOZ:**
1. Any and all funds in Texas Department of Criminal Justice Trust Fund Bank Account TDCJ-No xxxx1130.
2. Any and all property, real or personal involved in or used in the commission of the criminal offenses.

**(3) PAUL GOVEA:**
1. $3,851.00, more or less, in United States Currency;
2. Any and all property, real or personal involved in or used in the commission of the criminal offenses.

**(4) OSAMA MOHAMMED ELWAN:**
3. $12,589.00, more or less, in United States Currency;
4. Any and all property, real or personal involved in or used in the commission of the criminal offenses.

**(6) ROSA TEROMINA MILLER:**
1. Any and all funds in Chase Bank Account Number xxxxxx7576;
2. Any and all funds in Woodforest Bank Account Number xxxxxx2999; and
3. Any and all property, real or personal involved in or used in the commission of the criminal offenses.

**(7) MELISSA AMADOR:**
1. $3,851.00, more or less, in United States Currency;
2. Any and all property, real or personal involved in or used in the commission of the criminal offenses.

A TRUE BILL

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
FOR BRIAN NOWINSKI
Assistant United States Attorney